1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   CLARENCE HOWARD,                         CASE NO. 1:05-cv-00906-AWI-YNP PC

                    Plaintiff,              ORDER REQUIRING PLAINTIFF EITHER TO
                                            FILE AMENDED COMPLAINT, OR TO
11        v.                                NOTIFY COURT OF WILLINGNESS TO
                                            PROCEED ONLY ON CLAIMS FOUND TO BE
12   GRADTILLO, et al.,                     COGNIZABLE

                    Defendants.             (Doc. 22)

                                            RESPONSE DUE WITHIN 30 DAYS
15   _____/

16        Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

18   California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at

19   the California Correctional Institution in Tehachapi, California ("CCI-Tehachapi").  Plaintiff is suing

20   under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments.

21   Plaintiff names A. Calderon (warden), Gradillo (correctional officer), Jones (correctional officer),

22   Bennett (correctional officer), and J. Avila (correctional officer) as defendants.  For the reasons set

23   forth below, the Court finds that Plaintiff's first amended complaint states some cognizable claims.

24   Plaintiff will be ordered to either file an amended complaint which cures the deficiencies in his non-

25   cognizable claims, or notify the Court that he wishes to proceed only on the claims found to be

26   cognizable in this order.

27   ///

28   ///

1

## I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II. **Background**

### A. **Procedural Background**

Plaintiff filed the original complaint in this action on June 13, 2005. (Doc. #1.) On May 14, 2009, Plaintiff's original complaint was dismissed with leave to amend because the Court found that

///

1   it was illegible.  (Doc. #17.)  Plaintiff filed his first amended complaint on June 22, 2009.  (Doc.

2   #22.)  This action proceeds on Plaintiff's first amended complaint.

3       **B.    Factual Background**

4       Plaintiff claims that his constitutional rights were violated when prison officials used

5   excessive force against Plaintiff.  On April 11, 2003, Defendant Jones approached Plaintiff's cell and

6   ordered Plaintiff to pack up his personal property because he was moving to a new cell.  Plaintiff was

7   told that the move was due to racial tensions between Plaintiff and Defendants Bennett and Avila.

8   Plaintiff began packing his belongings and Jones returned approximately 45 minutes later.  Jones

9   then ordered Avila to cuff Plaintiff.  Avila and Bennett escorted Plaintiff away, but Jones did not

10  follow them.  After reaching their destination, Avila ordered Plaintiff to face the wall.  Avila then

11  made threatening remarks referencing a verbal confrontation between Plaintiff, Bennett, and Avila

12  that occurred earlier that morning.  Avila then made threatening gestures toward Plaintiff, but

13  Plaintiff did not flinch.  Avila then struck Plaintiff in the face twice and placed Plaintiff in a choke

14  hold.  Bennett grabbed Plaintiff's legs, causing Plaintiff to fall.  Avila climbed on top of Plaintiff and

15  struck him repeatedly in the face.  Avila and Bennett took turns striking Plaintiff and Bennett later

16  retrieved a billy-club and struck Plaintiff with it.  Bennett and Avila then activated the alarm and

17  agreed to report that they had to restrain Plaintiff because he was reaching for a pen to attack the two

18  officers with.

19      Plaintiff was then placed in a holding cage.  Plaintiff was denied medical treatment.  Plaintiff

20  was given a rule violation report ("RVR").  Plaintiff complains that Defendant Graillo conducted

21  an investigation and misled higher officials from the truth to cover up the attack by preparing false

22  evidence.

23  **III.    Discussion**

24      **A.    Eighth Amendment Claims**

25      Plaintiff claims that Defendants violated his rights under the Eighth Amendment.  The Eighth

26  Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and

27  idealistic concepts of dignity, civilized standards, humanity and decency.'"  Estelle v. Gamble, 429

28  U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)).  A prison

official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety.  Id. (quoting Wilson, 501 U.S. at 302-303).  A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety".  Id. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.

Plaintiff claims that his Eighth Amendment rights were violated when Defendants Bennett and Avila attacked Plaintiff.  Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'"  Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)).  Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted.  Whitley, 475 U.S. at 321.  Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.  Id.  The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary."  Id. at 319.  Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

4

1    Plaintiff alleges that Bennett and Avila attacked Plaintiff in response to a verbal confrontation

2  they had with Plaintiff earlier that day.  Plaintiff was allegedly struck repeatedly in the head and

3  struck with a club.  The amount of force alleged is sufficient to meet the objective, "sufficiently

4  serious" prong of an Eighth Amendment violation.  Plaintiff also alleges that the attack had no

5  penological purpose because it stemmed from a personal vendetta and was not a good-faith effort

6  to maintain or restore discipline--satisfying the subjective "deliberate indifference" prong of an

7  Eighth Amendment violation.  Plaintiff states cognizable claims against Defendants Bennett and

8  Avila for the violation of Plaintiff's rights under the Eighth Amendment.

9    Plaintiff alleges that Defendant Jones violated Plaintiff's Eighth Amendment rights by

10  allowing Bennett and Avila to escort Plaintiff unsupervised.  Although Plaintiff does not allege that

11  Jones personally participated in the attack itself, Plaintiff claims Jones is liable because he knew that

12  the unsupervised escort posed an excessive risk to Plaintiff's safety.  Plaintiff claims that Jones was

13  aware of Plaintiff's verbal confrontation with Bennett and Avila the morning before the attack.

14  During the verbal confrontation, Bennett and Avila allegedly threatened to beat Plaintiff.  Plaintiff

15  infers that Jones' actions in ordering Plaintiff to pack up to move to a different cell was part of a set

16  up to give Bennett and Avila the opportunity to attack Plaintiff because Plaintiff never requested a

17  cell move.  Plaintiff states sufficient facts to state a cognizable claim against Defendant Jones for

18  the violation of his rights under the Eighth Amendment.

19    Plaintiff claims that Defendant Calderon violated Plaintiff's Eighth Amendment rights

20  because his failure to properly supervise his subordinates resulted in Plaintiff being attacked.

21  Supervisory personnel are generally not liable under section 1983 for the actions of their employees

22  under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory

23  position, the causal link between him and the claimed constitutional violation must be specifically

24  alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,

25  441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983

26  based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim

27  that supervisory defendants either: personally participated in the alleged deprivation of constitutional

28  rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a

5

1    policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

2    force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal

3    citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

4         Plaintiff fails to allege sufficient facts to hold Calderon liable for the violation of Plaintiff's

5    Eighth Amendment rights.  In contrast to Plaintiff's claims against Defendant Jones, Plaintiff does

6    not allege that Calderon personally participated in planning and executing an attack against Plaintiff.

7    Plaintiff claims that there is a "policy directive" that the other Defendants operated out of that caused

8    Plaintiff's constitutional rights to be violated.  Plaintiff's allegations are too vague to support liability

9    under section 1983.  Plaintiff does not elaborate on what the "policy directive" was, how Defendants

10   operated out of the "policy directive," or how the "policy directive" caused Plaintiff's constitutional

11   rights to be violated.  Plaintiff does not allege any facts that plausibly infer that  any policy directive

12   exists.  Plaintiff must allege enough facts about the policy directive to render his claims plausible.

13   See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550

14   U.S. 544, 555 (2007)) (plaintiff must allege enough facts to allow the court to draw the reasonable

15   inference that the defendant is liable for the misconduct alleged).  Plaintiff does not allege what the

16   policy directive was, or how Calderon was deliberately indifferent by promulgating or enforcing it.

17   The facts alleged by Plaintiff do not demonstrate that Calderon was aware of an excessive risk to

18   Plaintiff's health or safety and the facts do not demonstrate that Calderon's actions or inactions

19   deliberately disregarded that risk.  Plaintiff fails to state any cognizable claims against Defendant

20   Calderon for the violation of Plaintiff's rights under the Eighth Amendment.

21        Plaintiff claims that Defendant Gradillo violated Plaintiff's rights under the Eighth

22   Amendment by preparing false evidence in connection with a RVR.  Gradillo's actions did not cause

23   or contribute to the attack conducted by Avila and Bennett.  Therefore, Gradillo is not liable under

24   the Eighth Amendment for Avila and Bennett's use of excessive force.  Gradillo's actions occurred

25   after the use of excessive force took place.  Plaintiff has alleged no other facts that suggest that

26   Gradillo violated Plaintiff's Eighth Amendment rights.  Plaintiff fails to state any cognizable claims

27   against Defendant Gradillo for the violation of Plaintiff's rights under the Eighth Amendment.

28   ///

Plaintiff also claims that he was denied medical treatment after the attack occurred. However, Plaintiff fails to allege whether he made any requests for medical treatment, who he made them to, or whether any prison officials were otherwise aware of a serious need for medical attention. Plaintiff does not allege what his medical treatment needs were, or whether the denial of treatment led to further serious harm, or the wanton infliction of pain.  Thus, it is not clear whether Plaintiff's medical needs were sufficiently serious to rise to the level of an Eighth Amendment violation, or whether any prison officials' response was deliberately indifferent by ignoring an excessive risk to Plaintiff's health.  Plaintiff fails to state any cognizable claims under the Eighth Amendment for deliberate indifference to his medical needs.

### B.    Fourteenth Amendment Claims

#### 1.    Due Process

Plaintiff claims that his rights under the Due Process Clause of the Fourteenth Amendment were violated by Defendants.  The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  In determining whether a hardship is sufficiently significant enough to warrant due process protection, the Court looks to (1) whether the challenged condition mirrored those conditions imposed upon inmates imposed upon inmates in administrative segregation and protective custody and is thus within the prison's discretionary authority to impose, (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.  Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003).

It is unclear what the basis of Plaintiff's due process claim is.  Plaintiff has not clearly identified the deprivation of a protected liberty interest.  To the extent that Plaintiff is asserting that

1  he has a protect liberty interest in being free from the use of excessive force, Plaintiff's claim is more

2  appropriately analyzed under the Eighth Amendment.  Plaintiff also claims that he received a RVR

3  and that Defendant Gradillo prepared false evidence that discredited Plaintiff with respect to the

4  RVR.  However, Plaintiff has not alleged any facts that demonstrate that Plaintiff has a protected

5  liberty interest in being free from RVRs or being free from the use of false evidence.  Plaintiff does

6  not allege what the consequence of the RVR or the use of false evidence was.  Thus, the Court is

7  unable to determine whether the consequences rise to the level of a liberty interest protected by the

8  Due Process Clause of the Fourteenth Amendment.

9        Further, Plaintiff is advised that "[p]rison disciplinary proceedings are not part of a criminal

10  prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."

11  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  With respect to prison disciplinary proceedings, the

12  minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least

13  24 hours between the time the prisoner receives written notice and the time of the hearing, so that

14  the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they

15  rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and

16  present documentary evidence in his defense, when permitting him to do so would not be unduly

17  hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where

18  the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the

19  five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14

20  F.3d 1415, 1420 (9th Cir. 1994).  In order to state a due process claim for the deprivation of due

21  process with respect to a RVR or disciplinary hearing, Plaintiff must allege what the consequence

22  of the disciplinary hearing was and must allege that he was denied the procedural requirements set

23  forth in Wolff.  Plaintiff has not done either here.  Therefore, Plaintiff fails to state any cognizable

24  claims for the violation of his rights under the Due Process Clause of the Fourteenth Amendment.

25           **2.**      **Equal Protection**

26        Plaintiff claims that his rights under the Equal Protection Clause of the Fourteenth

27  Amendment were violated by Defendants.  The Equal Protection Clause requires that persons who

28  are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S.

432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged any facts that suggest that he was discriminated against, either by reason of his membership in a suspect class such as race, or by reason of his membership in any identifiable class. Plaintiff has not alleged that he is a member of an identifiable class, nor has Plaintiff alleged that he was intentionally treated differently from others similarly situated because of his membership in any identifiable class. Thus, there are no facts in Plaintiff's complaint that suggest discrimination of any kind and Plaintiff has not alleged any cognizable claims for the violation of his rights under the Equal Protection Clause of the Fourteenth Amendment.

**IV.     Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Bennett, Avila and Jones for the violation of Plaintiff's rights under the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new,

9

1   unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no

2   "buckshot" complaints).

3          If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

4   on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and

5   the Court will issue a recommendation for dismissal of the other claims and defendants, and will

6   forward Plaintiff three (3) summonses and three (3) USM-285 forms for completion and return.

7   Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of

8   process.

9          If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).

10  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

11  constitutional or other federal rights: "The inquiry into causation must be individualized and focus

12  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged

13  to have caused a constitutional deprivation."  <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988).

14  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.

15  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other

16  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's

17  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

18         Although Plaintiff's factual allegations will be accepted as true and that "the pleading

19  standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain

20  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

21  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S.

22  544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that

23  allows the court to draw the reasonable inference that the defendant is liable for the misconduct

24  alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556).

25         Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.

26  <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

27  (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior

28  or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged

in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Bennett, Avila, and Jones for the violation of the Eighth Amendment; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    March 11, 2010**                     **/s/ Sandra M. Snyder**
                                                 UNITED STATES MAGISTRATE JUDGE

11