# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD, | CASE NO. 1:05-cv-00906-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THE MOTION FOR JUDGMENT ON THE PLEADINGS BE DENIED |
| v. | |
| GRADTILLO, et al., | (Doc. 36) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations - Defendant's 12(c) Motion to Dismiss**

**I.  Procedural History**

Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff timely filed his original complaint on June 13, 2005, within the statute of limitations.[1]  On May 14, 2009, the Court dismissed the original complaint with leave to amend.  (Doc. 17).  This action is proceeding on Plaintiff's amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants") for excessive force on April 3, 2003, in violation of the Eighth Amendment.  (Doc. 22, First Amd. Comp.; Doc. 27, a Cog Claim Ord.).

On September 1, 2010, Defendants filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Doc. 36).  Plaintiff filed an opposition on September

---

[1] Defendants concede in their reply that Plaintiff's original complaint filed on June 13, 2005, was timely filed.  (Doc. 40 at ln. 11).

1

27, 2010 and Defendants filed a reply on October 12, 2010. (Docs. 38 and 40). The motion has been deemed submitted. Local Rule 230(l).

## II. Judgment on the Pleadings Standards

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (quoting *Fajardo v. County of L.A.,* 179 F.3d 698, 699 (9th Cir. 1999)). The court must assume the truthfulness of the material facts alleged in the complaint "and treat as false the allegations in the answer that contradict the complaint." *Alcazar v. Corporation of Catholic Archbishop of Seattle,* 598 F.3d 668, 671 (9th Cir. 2010). All inferences reasonably drawn from these facts must be construed in favor of the responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church*, 887 F.2d 228, 230 (9th Cir. 1989). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir. 1999).

### A. Discussion

Defendants concede in their reply that Plaintiff's original complaint filed on June 13, 2005, was timely filed. (Doc. 40 at ln. 11). However, Defendants argue that Plaintiff's amended complaint filed on June 22, 2009, does not relate back to the date of the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure. Defendants argue that the action should be dismissed because Plaintiff's amended complaint was not made withing the applicable statute of limitations and does not relate back to the originally filed complaint. Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set

out-or attempted to be set out-in the original pleading . . ." Fed. R. Civ. P. 15(c)(1)(B). Federal courts "apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927. (9th Cir. 2004). Under California law, an amended complaint filed after the statute of limitations has run is not barred if it "relates back" to a timely-filed original complaint. *Austin v. Massachusetts Bonding & Ins. Co.*, 364 P.2d 681, 683 (Cal. 1961). The Defendants argue:

> Plaintiff's original complaint was dismissed because the Court found that the complaint was illegible. In other words, the complaint was unreadable and the Court was unable to ascertain the general sets of facts and injury claimed by Plaintiff. Since the original complaint was illegible, it is impossible to conclude that Plaintiff's amended complaint and the original complaint rest on
> the same general set of facts and involve the same injury.

(Doc. 40, p.3). The Court finds Defendants' above characterization of its May 14th order as misleading. Although the Court stated that "[s]creening of the Complaint was not easy" and that the complaint was "extremely difficult to read," the Court proceeded to describe the event and named the defendants that are currently subject to this action. (Doc. 17). In fact, in it's order on May 14, 2009, the Court stated that it found a cognizable claim against the Defendants (specifically naming Avilla, Bennett and Jones) and described the excessive force conduct. (Doc. 17, pp. 2-3, 7). The Court stated:

> Plaintiff's allegations that C/Os Avilla and Bennett attacked and beat him while escorting him to a new cell state cognizable claims for the use of excessive physical force in violation of his rights under the Eighth Amendment.
> Further, Plaintiff alleges that Sgt. Jones knew that C/Os Avilla and Bennett harbored animus towards and had a recent altercation with Plaintiff. Despite this, Sgt. Jones authorized C/Os Avilla and Bennett to escort Plaintiff to a new cell, unsupervised, via a secluded route –which allowed them to attack Plaintiff. This states a cognizable claim against Sgt. Jones for being "deliberately indifferent" to a serious threat to Plaintiff's safety.

(Doc. 17, p., 7). The Court finds that the Plaintiff's amended complaint filed on June 22, 2009, asserts claims that arose out of the "conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Plaintiff's amended complaint filed June 22, 2009, against Defendants Bennett, Avila and Jones for claims arising out of an excessive force incident that occurred on April 3, 2003, falls within the purview of Rule 15(c)(1)(B) of the Federal Rules of Civil

1  Procedure and thus, Defendants' motion for judgment on the pleadings should be denied.

2       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     As set forth herein, the Court HEREBY RECOMMENDS:

    1.    To DENY Defendants' motion for judgment on the pleadings.

IT IS SO ORDERED.

Dated:   January 7, 2011

UNITED STATES MAGISTRATE JUDGE