UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD,<br><br>        Plaintiff,<br><br>   v.<br><br>GRADTILLO, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:05-cv-00906-AWI-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR AN ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT BE DENIED AND RECOMMENDING DEFENDANTS' MOTION TO STAY DISCOVERY BE DENIED<br><br>(Docs. 53, 55) |

**I.  Procedural History**

Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants") for excessive force on April 3, 2003, in violation of the Eighth Amendment. (Doc. 22, First Amd. Comp.; Doc. 27, a Cog Claim Ord.). On May 18, 2011, Defendants filed a motion to declare Plaintiff a vexatious litigant and for the Court to require Plaintiff to post security. (Doc. 53).

**II.  Motion to Declare Plaintiff a Vexatious Litigant and Require Security**

    **A.  Legal Standard**

The All Writs Act, 28 U.S.C. § 1651, gives the Court the inherent power to enter pre-filing orders

1

against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). However, such pre-filing orders are an extreme remedy and should rarely be used since such sanctions can tread on a litigant's due process right of access to the courts. *Molski*, 500 F.3d at 1057 (9th Cir. 2007). In determining the basis upon which the Court may require a litigant to post security, this Court has adopted "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants. . . ." Local Rule 151(b). Under the law of the State of California, "a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security." Cal. Civ. Proc. Code § 391.1 (West 2008).

Under California law, a vexatious litigant is one who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in small claims court that have been . . . finally determined adversely to the person . . . ." Cal. Civ. Proc. Code § 391 (West 2011). Under federal law, however, the criteria under which a litigant may be found vexatious is much narrower. While Local Rule 151(b) directs the Court to look to state law for the *procedure* in which a litigant may be ordered to furnish security, this Court looks to federal law for the definition of vexatiousness, and under federal law, the standard for declaring a litigant vexatious is more stringent.

The court has inherent power to sanction parties or their attorneys for improper conduct. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The imposition of sanctions under the court's inherent authority is discretionary. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995). The court's "inherent power 'extends to a full range of litigation abuses.'" *Fink*, 239 F.3d at 992 (quoting *Chambers*, 501 U.S. at 46-47). However, in order to sanction a litigant under the court's inherent powers, the court must make a specific finding of "bad faith or conduct tantamount to bad faith." *Fink,* 239 F.3d at 994. Although mere recklessness is insufficient to support sanctions under the court's inherent powers, "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose" is sufficient. *Id.* at 993-94. A litigant may be sanctioned for acting for an improper purpose, even if the act was "a truthful statement or non-frivolous argument or objection." *Id.* at 992. "[I]nherent powers must be exercised with restraint and discretion."

2

*Chambers*, 501 U.S. at 44.

Under federal law, litigiousness alone is insufficient to support a finding of vexatiousness. *See Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). The focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). For this reason, the mere fact that a plaintiff has had numerous suits dismissed against him is an insufficient ground upon which to make a finding of vexatiousness.

### B. Discussion

Defendants ask the Court to take judicial notice of the following prior litigation of Plaintiff: 1) *Howard v. Deputy Lopez, et al.*, 2:06-cv-00126, dismissed without prejudice for failure to submit trust account statement as a requisite for granting Plaintiff's motion to proceed in forma pauperis; 2) *Howard v. Sullivan, et al.*, 1:07-cv-00988, dismissed without prejudice for failure to exhaust administrative remedies; 3) *Howard v. Sullivan, et al.*, 1:08-cv-01236, dismissed with prejudice for failure to state a claim; 4) *Howard v. Nunley, et al.*, 1:06-cv-00191, dismissal based on granting defendants' motion for summary judgment; 5) *Howard v. Sullivan, et al.*, No. 10-16652 (9th Cir. 2010), dismissed for lack of jurisdiction; and 6) *Howard v. Kamel, et al.*, No. 11-15308 (9th Cir. 2011), dismissed for failure to respond to court order.

The Court reiterates that the focus is on the number of suits that were frivolous or harassing in nature rather than on the number of suits that were simply adversely decided. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990). Even under California case law:

> Any determination that a litigant is vexatious must comport with the intent and spirit of the vexatious litigant statute. The purpose of which is to address the problem created by the persistent and obsessive litigant who constantly has pending a number of groundless actions and whose conduct causes serious financial results to the unfortunate objects of his or her attacks and places an unreasonable burden on the courts.

*Morton v. Wagner*, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007). In the cited cases above, half were dismissed for procedural shortcomings (dismissal without prejudice for failure to submit trust account statement; dismissal without prejudice for failure to exhaust administrative remedies; dismissal for lack of appellate jurisdiction). Such cases do not demonstrate a malicious or vexatious intent of the Plaintiff. Nor does losing an action at the summary judgment phase, in itself, demonstrates

maliciousness or vexatiousness. Even under California law Defendants' proffered appellate cases would not count towards concluding that the Plaintiff is vexatious. *Fink v. Shemtov*, 180 Cal.App.4th 1160, 1172. (Cal. 2010). Where the reviewing court has not taken jurisdiction over the case or provided a full review, such dismissals do not qualify for vexatious litigant determination for purposes of Cal. Civ. Proc. Code § 391. *Fink v. Shemtov*, 180 Cal.App.4th 1160, 1172.

Defendants have failed to meet their burden in demonstrating that Plaintiff is a vexatious litigant. Since Defendants have failed to make a threshold showing that Plaintiff has a pattern of engaging in harassing litigation practices, the Court declines to address the second portion of Defendants' argument that Plaintiff is not likely to succeed on the merits. (Doc. 53-1 at 9).[1]

### III. Motion for Protective Order Staying Discovery Until Resolution of Motion to Declare Plaintiff a Vexatious Litigant

In light of the Court's findings that Plaintiff is not a vexatious litigant, the Court finds that Defendants' motion to stay discovery is moot and recommends that the motion to stay discovery be denied.

### IV. Conclusion and Recommendation

Based on the foregoing, the court HEREBY RECOMMENDS that:

1. Defendants' motion for an order declaring plaintiff a vexatious litigant, filed May 18, 2011, be denied (Doc. 53); and

2. Defendants' motion to stay discovery, filed June 28, 2011, be denied (Doc. 55).

These Findings and Recommendations will be submitted to the United States District Judge

---

[1] A review of California case law demonstrates that the determination of whether the prior litigation satisfies the requirement of vexatious litigant is a threshold determination and the issue of a plaintiff's likelihood to prevail on the merits is reached only after a court determines that a particular plaintiff's litigation history demonstrates that the plaintiff is a vexatious litigant. *See e.g.*, *Morton v. Wagner*, 156 Cal.App.4th 963, 970-71 (Cal. App. 6 Dist. 2007) after determining that plaintiff was not a vexatious litigant, the inquiry ended); *In re Estate of Daley*, 2011 WL 761527, at *9 (Cal. App. 1 Dist. 2011) (unpublished) (after determining that plaintiff was not a vexatious litigant, the inquiry ended); *Plummer v. Coen*, 2010 WL 3964169, at *4-5 (Cal. App. 2 Dist. 2010) (unpublished) (after determining that plaintiff was not a vexatious litigant, the inquiry ended).

4

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    October 19, 2011

UNITED STATES MAGISTRATE JUDGE