UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD,<br><br>                Plaintiff,<br><br>   v.<br><br>GRADTILLO, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:05-cv-00906-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT-ORDERED SETTLEMENT CONFERENCE<br><br>(Doc. 54) |

       Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants") for excessive force on April 3, 2003, in violation of the Eighth Amendment.  (Doc. 22, First Amd. Comp.; Doc. 27, a Cog Claim Ord.).  On June 21, 2011, Plaintiff filed a motion for the Court to order a settlement conference between Plaintiff and Defendants.  (Doc. 54).

       Plaintiff correctly observes that Local Rule 270(a) states: "A settlement conference shall be held in all actions unless otherwise ordered by the Court on objection of a party or for other good cause." Local Rule 270(a).  However, key to Local Rule 270(a) is to "ensure that the settlement conference will be meaningful."  Local Rule 270(a).  While federal courts have the authority to require the parties to engage in settlement conferences, they have no authority to coerce settlements.  *Goss Graphic Systems,*

1

1  *Inc. v. DEV Industries, Inc.*, 267 F.3d 624, 627 (7th Cir. 2001).  Defendants have not indicated to the
2  Court that they are willing to participate in a settlement conference.  At this stage of the litigation, no
3  settlement conference will be scheduled until both parties agree to participate in one.
4      Based on the foregoing, the court HEREBY ORDERS that Plaintiff's motion for settlement
5  conference, filed on June 21, 2011, is DENIED WITHOUT PREJUDICE (Doc. 54).

7  IT IS SO ORDERED.

8  Dated:    October 19, 2011
9                                                  UNITED STATES MAGISTRATE JUDGE