1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE HOWARD,
                                            CASE NO. 1:05-cv-00906-AWI-GBC (PC)
12                    Plaintiff,
                                            ORDER DENYING WITH LEAVE TO
13           v.                             AMEND PLAINTIFF'S MOTIONS TO
                                            COMPEL
14   GRADTILLO, et al.,
                                            (Docs. 56, 59)
15                    Defendants.
                                            THIRTY DAY DEADLINE
16
     _____/
17

18   I.      Procedural History

19           Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma

20   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's

21   amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants")

22   for excessive force on April 3, 2003, in violation of the Eighth Amendment.  Doc. 22; Doc. 27.  On May

23   18, 2011, Defendants filed a motion to declare Plaintiff a vexatious litigant and for the Court to require

24   Plaintiff to post security.  Doc. 53.  On June 28, 2011, Defendants filed a motion requesting stay of

25   discovery until the Court resolved the motion requesting Plaintiff to be declared a vexatious litigant.

26   Doc. 55.  On September 7, 2011, and on October 21, Plaintiff filed duplicative motions to compel

27   discovery.  Doc. 56; Doc. 59.  On October 28, 2011, Defendants filed an opposition.  Doc. 61.

28

                                                  1

1    **II.      Plaintiff's Motion to Compel**

2          **A.      Legal Standard**

3          "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

4    claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears

5    reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  The

6    responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ.

7    P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  The responding

8    party shall use common sense and reason.  *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-

9    DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).  A responding party is not generally required to

10   conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must

11   be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep.

12   21, 2007).  Further, the responding party has a duty to supplement any responses if the information

13   sought is later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(A).

14         If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion

15   to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform the Court

16   which discovery requests are the subject of his motion to compel, and, for each disputed response,

17   inform the Court why the information sought is relevant under Rule 26(b)(1) and why Defendants'

18   objections are not justified.

19

20         **B. Motion to Compel**

21         In response to Plaintiff's motion to compel, Defendants argue that Plaintiff's failure to comply

22   with the meet and confer requirement of Rule 37 of the Federal Rules of Civil Procedure defeats

23   Plaintiff's motion to compel.  However, the Court's discovery order filed on March 31, 2011, states:

24         Unless otherwise ordered, Local Rule 251 shall not apply, and the
           requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a
25         party seeking relief from the court certify that he or she has in good faith
           conferred or attempted to confer  with the other party or person in an effort
26         to resolve the dispute prior to seeking court action shall not apply.

27   Doc. 50.  Nevertheless, Plaintiff has not met his burden on his motion to compel.  In this instance,

28   Plaintiff motioned to compel the production of responses, interrogatories and documents which he

1  asserts that he has served on Defendants.  Doc. 56; Doc. 59.  Plaintiff's motions to compel simply

2  describe what discovery Plaintiff asserts he has requested from Defendants and argues that Defendants

3  were misusing the motion to declare Plaintiff vexatious and motion to stay discovery as a means of

4  intentionally evading discovery obligations.  Doc. 56; Doc. 59.

5         When bringing a motion to compel discovery responses, the moving party shall set forth each

6  discovery request and the response that is at issue.  *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal.

7  Local Rule 36-250(c).  Plaintiff's motion is procedurally defective because it does not provide Plaintiff's

8  requests for discovery.  Additionally, Plaintiff's motion is procedurally defective because it fails to

9  discuss why Defendants' responses were inadequate or why Plaintiff's is entitled to the requested

10  production by showing that the information sought is relevant under Rule 26(b)(1).  Without indication

11  of what precisely Plaintiff requested or without submitting Plaintiff's arguments as to why Defendants'

12  responses were incorrect, the Court would be forced to create arguments on behalf of the Plaintiff for

13  his motion to compel.  Therefore, Plaintiff's motions to compel, filed September 7, 2011, and October

14  21, 2011, are thus denied.  Doc. 56; Doc. 59.

15

16  **III.     Leave To File Amended Motion**

17         The preference of this Court is not to adjudicate motions for procedural defects that can be

18  readily cured, as is the case here.  Thus, the Court will grant Plaintiff leave to amend his motions to

19  compel filed September 7, 2011, and October 21, 2011.  Plaintiff may amend his motion by submitting

20  Defendants' responses to his requests and discussing in detail why Defendants objections are unfounded

21  and why the information Plaintiff seeks is relevant under Rule 26(b)(1).  As it is unclear whether

22  Plaintiff first served Defendants with discovery requests, the Court reminds Plaintiff that he must first

23  request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a)

24  of the Federal Rules of Civil Procedure, then Plaintiff may seek a motion to compel.  *See* Fed.R.Civ.P.

25  37(a)(1) and (a)(3)(A).

26  ///

27  ///

28  ///

3

1    If Plaintiff chooses to file an amended motion to compel, Plaintiff must do so within THIRTY

2  (30) days of service of this order or require an extension of time if necessary.  Defendants will then have

3  TWENTY (20) days from the date of service of the amended motion to file an opposition.

4

5  IT IS SO ORDERED.

6

Dated:    November 22, 2011

7                                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28