UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GRADTILLO, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00906-AWI-GBC (PC)<br><br>ORDER DENYING WITH LEAVE TO AMEND PLAINTIFF'S MOTIONS TO COMPEL<br><br>(Docs. 56, 59)<br><br>THIRTY DAY DEADLINE |

**I.　Procedural History**

Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants") for excessive force on April 3, 2003, in violation of the Eighth Amendment. Doc. 22; Doc. 27. On May 18, 2011, Defendants filed a motion to declare Plaintiff a vexatious litigant and for the Court to require Plaintiff to post security. Doc. 53. On June 28, 2011, Defendants filed a motion requesting stay of discovery until the Court resolved the motion requesting Plaintiff to be declared a vexatious litigant. Doc. 55. On September 7, 2011, and on October 21, Plaintiff filed duplicative motions to compel discovery. Doc. 56; Doc. 59. On October 28, 2011, Defendants filed an opposition. Doc. 61.

1

## II. Plaintiff's Motion to Compel

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant under Rule 26(b)(1) and why Defendants' objections are not justified.

### B. Motion to Compel

In response to Plaintiff's motion to compel, Defendants argue that Plaintiff's failure to comply with the meet and confer requirement of Rule 37 of the Federal Rules of Civil Procedure defeats Plaintiff's motion to compel. However, the Court's discovery order filed on March 31, 2011, states:

> Unless otherwise ordered, Local Rule 251 shall not apply, and the requirement set forth in Federal Rules of Civil Procedure 26 and 37 that a party seeking relief from the court certify that he or she has in good faith conferred or attempted to confer with the other party or person in an effort to resolve the dispute prior to seeking court action shall not apply.

Doc. 50. Nevertheless, Plaintiff has not met his burden on his motion to compel. In this instance, Plaintiff motioned to compel the production of responses, interrogatories and documents which he

2

asserts that he has served on Defendants. Doc. 56; Doc. 59. Plaintiff's motions to compel simply describe what discovery Plaintiff asserts he has requested from Defendants and argues that Defendants were misusing the motion to declare Plaintiff vexatious and motion to stay discovery as a means of intentionally evading discovery obligations. Doc. 56; Doc. 59.

When bringing a motion to compel discovery responses, the moving party shall set forth each discovery request and the response that is at issue. *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal. Local Rule 36-250(c). Plaintiff's motion is procedurally defective because it does not provide Plaintiff's requests for discovery. Additionally, Plaintiff's motion is procedurally defective because it fails to discuss why Defendants' responses were inadequate or why Plaintiff's is entitled to the requested production by showing that the information sought is relevant under Rule 26(b)(1). Without indication of what precisely Plaintiff requested or without submitting Plaintiff's arguments as to why Defendants' responses were incorrect, the Court would be forced to create arguments on behalf of the Plaintiff for his motion to compel. Therefore, Plaintiff's motions to compel, filed September 7, 2011, and October 21, 2011, are thus denied. Doc. 56; Doc. 59.

### III.    Leave To File Amended Motion

The preference of this Court is not to adjudicate motions for procedural defects that can be readily cured, as is the case here. Thus, the Court will grant Plaintiff leave to amend his motions to compel filed September 7, 2011, and October 21, 2011. Plaintiff may amend his motion by submitting Defendants' responses to his requests and discussing in detail why Defendants objections are unfounded and why the information Plaintiff seeks is relevant under Rule 26(b)(1). As it is unclear whether Plaintiff first served Defendants with discovery requests, the Court reminds Plaintiff that he must first request discovery from Defendants and if Defendants fail to make a disclosure required by Rule 26(a) of the Federal Rules of Civil Procedure, then Plaintiff may seek a motion to compel. *See* Fed.R.Civ.P. 37(a)(1) and (a)(3)(A).

///

///

///

If Plaintiff chooses to file an amended motion to compel, Plaintiff must do so within THIRTY (30) days of service of this order or require an extension of time if necessary. Defendants will then have TWENTY (20) days from the date of service of the amended motion to file an opposition.

IT IS SO ORDERED.

Dated:   November 22, 2011

UNITED STATES MAGISTRATE JUDGE

4