UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GRADTILLO, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00906-AWI-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS<br><br>(Docs. 67) |

**I.     Procedural History**

　　Plaintiff Clarence Howard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed June 22, 2009, against Defendants Bennett, Avila and Jones ("Defendants") for excessive force on April 3, 2003, in violation of the Eighth Amendment. Doc. 22; Doc. 27. On September 7, 2011, and on October 21, Plaintiff filed duplicative motions to compel discovery. Doc. 56; Doc. 59. On November 22, 2011, the Court denied Plaintiff's motions to compel, however, gave Plaintiff thirty days to submit an amended motion to compel. Doc. 66. On December 7, 2011, Plaintiff filed a motion titled "Request to Leave to File Amended Motion to Compel." Doc. 67. However, the Court has already given Plaintiff leave to file and amended motion to compel and it appears that Plaintiff is seeking to compel discover in addition to sanctions against Defendants. Doc. 67. Plaintiff requests

1

that the Court compels Defendants to "answer interrogatories and produce for inspection copies of the requested documents." Doc. 67 at 5. Without supporting documentation that Plaintiff has served Defendants with discovery requests, Plaintiff asserts that Plaintiff has not received an answer to his interrogatories nor has been provided with documents that he has requested. Doc. 67 at 5. Plaintiff also seeks that Defendants "pay Plaintiff the sum of whatever the court may deem just and proper . . . for reasonable expenses in obtaining this order as well as prosecuting this matter . . . on the grounds that the Defendants' refusal to answer the interrogatories or produce the requested documents with no substantial justification." Doc. 67 at 6. The Court will construe Plaintiff's request as a motion to compel and a motion for sanctions.

## II.  Plaintiff's Motion to Compel

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant under Rule 26(b)(1) and why Defendants' objections are not justified.

2

**B. Motion to Compel**

In its order filed on November 22, 2011, the Court previously informed Plaintiff of the requirements necessary to submit a motion to compel. Doc. 66. In this current motion, Plaintiff still has not met his burden on his motion to compel. In this instance, Plaintiff motioned to compel the production of responses, interrogatories and documents which he asserts that he has served on Defendants. Doc. 67. Plaintiff's motion to compel simply describes what discovery Plaintiff asserts he has requested from Defendants. Doc. 67.

When bringing a motion to compel discovery responses, the moving party shall set forth each discovery request and the response that is at issue. *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal. Local Rule 36-250(c). Plaintiff's motion is procedurally defective because it does not provide Plaintiff's requests for discovery. Plaintiff fails to submit any proof that he has ever submitted a discovery request to the Defendants and Plaintiff's previously filed motions to compel discovery do not satisfy that requirement. Therefore, Plaintiff's motions to compel, filed December 7, 2011 is denied. Doc. 67.

### III. Plaintiff's Motion for Sanctions

In his motion filed December 7, 2011, Plaintiff requests that Defendants "pay Plaintiff the sum of whatever the court may deem just and proper . . . for reasonable expenses in obtaining this order as well as prosecuting this matter . . . on the grounds that the Defendants' refusal to answer the interrogatories or produce the requested documents with no substantial justification." Doc. 67 at 6.

Federal courts have inherent power to impose sanctions for attorney misconduct and such sanctions include an award of attorney's fees, against attorneys and parties for "bad faith" conduct, or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-766 (1980); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1532 (9th Cir. 1987); *see Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 73 (3rd Cir. 1995). "Bad faith" means a party or counsel acted "vexatiously, wantonly or for oppressive reasons." *Chambers*, 501 U.S. at 45-46; *see Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-259 (1975).

Bad faith is tested objectively. "[A] district court's finding of bad faith or the absence of bad

faith in a particular case is a factual determination and may be reversed only if it is clearly erroneous." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3rd Cir. 1986); *see Baker v. Cerberus, Ltd.*, 764 F.2d 204, 210 (3rd Cir. 1985); *Perichak v. International Union of Elec. Radio*, 715 F.2d 78, 79 (3rd Cir. 1983). There must be "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay." *Ford*, 790 F.2d at 347.

Defendants do not appear to have engaged in bad faith conduct in requesting a stay of discovery and in their motion to declare Plaintiff a vexatious litigant.

### IV.  Conclusion and Order

Accordingly, Plaintiff's motion to compel and for sanctions is HEREBY DENIED.  (Doc. 67)

IT IS SO ORDERED.

Dated:   December 20, 2011

UNITED STATES MAGISTRATE JUDGE