# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD, | CASE NO. 1:05-cv-00906-AWI-GBC (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER ORDER DENYING MOTION TO COMPEL |
| v. | |
| GRADTILLO, et al., | Doc. 75 |
| Defendants. | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| | Doc. 77 |
| | ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINE |
| / | Doc. 78 |

## I. Procedural History

On June 13, 2005, Plaintiff Clarence Howard ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On April 15, 2010, the Court found a cognizable claim against Defendants Bennett, Avila, and Jones ("Defendants") for excessive force, in violation of the Eighth Amendment. Doc. 27. On March 31, 2011, the Court issued a discovery and scheduling order, setting a discovery deadline of November 30, 2011. Doc. 50. On September 7, 2011, and on October 21, 2011, Plaintiff filed duplicative motions to compel discovery. Docs. 56, 59. On November 4, 2011, the Court granted Defendants' motion to modify scheduling order, setting a revised discovery deadline of January 16, 2012, and a revised dispositive motion deadline of March 16, 2012. Doc. 64. On November 22, 2011, the Court denied Plaintiff's motions to compel, with leave to submit an amended motion to compel. Doc. 66. On December 7, 2011, Plaintiff filed a motion titled "Request to Leave to File Amended Motion to Compel." Doc. 67. On December 20, 2011, the Court denied Plaintiff's amended motion to compel for failing to meet his burden and as procedurally

1  defective. Doc. 68. On January 3, 2012, the Court granted Plaintiff's motion to modify scheduling order,
2  setting a revised discovery deadline of March 16, 2012, and a revised dispositive motion deadline of
3  May 16, 2012. Doc. 71. On February 6, 2012, Plaintiff filed a motion to reconsider order denying
4  Plaintiff's motion to compel. Doc. 75. On February 9, 2012, Defendants filed an opposition to Plaintiff's
5  motion to reconsider order denying Plaintiff's motion to compel. Doc. 76. On March 7, 2012, Plaintiff
6  filed a motion to compel. Doc. 77. On March 15, 2012, Plaintiff filed a motion to extend discovery
7  deadline. Doc. 78. On March 16, 2012, Defendants filed a motion for summary judgment. Doc. 79.

**II.     Rule 60(b) Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Plaintiff's motion for reconsideration does not reveal any newly discovered evidence, that the Court committed clear error, or that there was an intervening change in the controlling law. The Court held that Plaintiff failed to show he submitted discovery requests to Defendants, and failed to set forth each discovery request and the response that was in issue. Therefore, the Court Plaintiff's motion for reconsideration is denied.

### III.   Motion to Compel

#### A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(A).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant under Rule 26(b)(1) and why Defendants' objections are not justified.

#### B.   Analysis

In its orders filed on November 22, 2011, and on December 20, 2011, the Court previously informed Plaintiff of the requirements necessary to submit a motion to compel. Docs. 66, 68. On December 20, 2011, the Court denied Plaintiff's amended motion to compel for failing to meet his burden and as procedurally defective. Doc. 68. In this current motion, Plaintiff still has not met his burden on his motion to compel. In this instance, Plaintiff moves to compel the production of responses, interrogatories and documents which he asserts that he has served on Defendants. Doc. 77. Plaintiff's motion to compel simply describes what discovery Plaintiff asserts he has requested from Defendants. *Id.*

When bringing a motion to compel discovery responses, the moving party shall set forth <u>each</u>

discovery request and the response that is at issue. *See* E.D. Cal. Local Rule 34-250.3(c); E.D. Cal. Local Rule 36-250(c). Plaintiff's motion is procedurally defective because it does not provide Plaintiff's requests for discovery. Plaintiff fails to submit any proof that he has ever submitted a discovery request to the Defendants and Plaintiff's previous motions to compel discovery does not satisfy that requirement. Moreover, in Plaintiff's motion to reconsider order denying motion to compel, Plaintiff states that Defendants answered his interrogatories and admissions but failed to turn over all information requested in his request for production of documents. Mot. Recons. at 5-6, Doc. 75. However, in his motion to reconsider or in his motion to compel, Plaintiff does not specifically list his requests or Defendants' responses to his specific requests. *See id.*; *see also* Mot. Compel, Doc. 77. Therefore, Plaintiff's motion to compel is denied.

### IV. Motion to Extend Discovery

The Court originally established a discovery deadline of November 30, 2011. Doc. 50. the Court has twice extended the discovery deadline, from January 16, 2012 to March 16, 2012. Docs. 64, 71. This action has been proceeding since June 13, 2005, and Defendants filed a motion for summary judgment on March 16, 2012. Docs. 1, 79. Plaintiff does not state good cause to further extend the discovery deadline. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).

### V. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to reconsider order denying motion to compel is DENIED;
2. Plaintiff's motion to compel is DENIED; and
3. Plaintiff's motion to further extend the discovery deadline is DENIED.

IT IS SO ORDERED.

Dated: April 13, 2012

UNITED STATES MAGISTRATE JUDGE