# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HOWARD,<br><br>   Plaintiff,<br><br>   v.<br><br>GRADTILLO, et al.,<br><br>   Defendants.<br>_____/ | CASE NO. 1:05-cv-00906-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 79)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I.

## PROCEDURAL HISTORY

Plaintiff Clarence Howard, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 13, 2005. This action for damages is proceeding against Defendants J. Avila, R. Bennett, and J. Jones for subjecting Plaintiff to excessive force in violation of the Eighth Amendment. Plaintiff's claim arises out of Defendants' alleged use of excessive force during a cell extraction on April 11, 2003.

On March 16, 2012, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56(a). (ECF No. 79.) On May 8, 2012, Plaintiff submitted an opposition and a memorandum in support of the opposition.[1] (ECF Nos. 81 & 82.) On May 11, 2012, Defendants submitted a reply. (ECF No. 84.) On August 2, 2012, the Court issued an order permitting Plaintiff opportunity to withdraw

---

[1] Initially, the Court was unable to determine the nature of Plaintiff's May 8, 2012 memorandum. (ECF No. 81.) On February 8, 2013, the Court issued an order instructing Plaintiff to clarify the document. (ECF No. 97.) On March 6, 2013, Plaintiff filed an affidavit clarifying the memorandum as support for his opposition to summary judgment. (ECF No. 98.)

1

his opposition and file an amended opposition in light of Woods v. Carey, 684 F.3d 934 (9th Cir. 2012). (ECF No. 87.) Plaintiff filed an amended opposition on October 3, 2012. (ECF No. 91.) Defendants submitted a reply on October 10, 2012. (ECF No. 92.) Defendants' motion for summary judgment has been submitted upon the record, and these findings and recommendations now issue. Local Rule 230(*l*).

## II.

## SUMMARY JUDGMENT LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Wash. Mut. Inc. v. United States., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509

F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1566 (quotation marks and citation omitted). The Court determines *only* whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### III.

### DISCUSSION

**A.     Plaintiff's Allegations**[2]

Plaintiff claims that his constitutional rights were violated when prison officials used excessive force against him. On April 11, 2003, Defendant Jones approached Plaintiff's cell and ordered Plaintiff to pack up his personal property because he was moving to a new cell. Pl's Verified Am. Compl. at 5, ECF No. 22.[3] Plaintiff was told that the move was due to racial tensions between Plaintiff and Defendants Bennett and Avila. Id. at 5-6.

Plaintiff began packing his belongings and Jones returned approximately forty-five minutes later. Id. at 6. Jones then ordered Avila to cuff Plaintiff. Id. Avila and Bennett escorted Plaintiff away, but Jones did not follow them. Id. After reaching their destination, Avila ordered Plaintiff to face the wall. Id. Avila then made threatening remarks referencing a verbal confrontation between Plaintiff, Bennett, and Avila that occurred earlier that morning. Id. at 7-8. Avila then made threatening gestures toward Plaintiff, but Plaintiff did not react and he "held his discipline." Id. at 8. Avila then struck Plaintiff in the face twice and placed Plaintiff in a choke hold. Id. Bennett grabbed Plaintiff's legs, causing Plaintiff to fall. Id. Avila climbed on top of Plaintiff and struck him repeatedly in the face. Id. Avila and Bennett took turns striking Plaintiff

---

[2] Plaintiff's amended complaint is verified and therefore, it is treated as an opposing declaration to the extent it is based on Plaintiff's personal knowledge of specific facts which are admissible in evidence. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

[3] Unless otherwise noted, all page numbers in record citations will refer to the ECF page number in the upper right-hand corner of the page.

3

and Bennett later retrieved a billy-club and struck Plaintiff with it. Id. at 8-9.  Bennett and Avila then activated the alarm and agreed to falsely report that they had to restrain Plaintiff because he was reaching for a pen to attack the two officers with.  Id. at 9.

### B. Eighth Amendment Legal Standard

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009), cert. denied, 130 S.Ct. 1937; Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Under section 1983, Plaintiff must demonstrate a link between the actions or omissions of each named defendant and the violation of his rights.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency.  Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010).  However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9).  Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted."  Whitley, 475 U.S. at 321; accord Marquez v.

Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 130 S. Ct. at 1178-79. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Hudson, 503 U.S. at 9-10.

### C. Undisputed Facts[4]

1. At all times relevant to this action, Plaintiff Clarence Howard was housed at California Correctional Institution-Tehachapi ("CCI-Tehachapi").

2. Defendant Jones was a Correctional Sergeant in charge of Units 5 and 7 of the Security Housing Unit ("SHU") at CCI-Tehachapi.

3. Defendants Avila and Bennett were floor officers in Unit 5 of CCI-Tehachapi.

4. On April 11, 2003, Defendant Jones issued a CDC 154 form authorizing Plaintiff's movement from his cell in Unit 5 to another cell in Unit 6.

5. Defendant Jones informed Plaintiff of his housing move and told him to pack his personal belongings.

6. Defendants Avila and Bennett escorted Plaintiff from his cell in Unit 5 to his new cell in Unit 6.

7. Upon entering Unit 6, some type of physical altercation took place between Plaintiff and Defendants Bennett and Avila.[5]

8. Defendant Jones was not present at the time of the altercation.

9. Plaintiff was given a Rules Violation Report for battery on a peace officer, was found guilty, and assessed 150 days of forfeiture credit.

### D. Summary of Defendants' Position

Defendants move for summary judgment on the grounds that: (1) Defendants Avila and

---

[4] Defendants failed to provide a separate list of undisputed facts with their motion for summary judgment. Accordingly, the Court compiled the statement of undisputed facts from Defendants' summary of facts, Plaintiff's declarations, and Plaintiff's complaint. The parties dispute the majority of relevant facts to this action.

[5] Plaintiff and Defendants dispute who initiated the altercation and what exactly took place.

Bennett used only the amount of force necessary and reasonable to maintain control of Plaintiff because he kicked an officer and became resistive; (2) Plaintiff's injury was minor and therefore shows that the force Defendants Avila and Bennet used to control him was not excessive; (3) none of the Defendants had the culpable state of mind required for an excessive force claim; and (4) Defendants are entitled to qualified immunity because they violated no constitutional right.

Defendants first argue that Bennett and Avila used only the amount of force necessary and reasonable to maintain control of Plaintiff. As correctional officers, they had a duty to ensure that inmates comply with orders. When Plaintiff became combative and resistive, Defendants Avila and Bennett used necessary and reasonable force to control him. The evidence here shows that the amount of force Defendants Avila and Bennett used to control Plaintiff was reasonable and not excessive. Defendants argue that prison officials are accorded wide-ranging deference in the adoption of measures taken to respond to actual confrontation or breaches of prison discipline. The deference requires that the court not substitute its judgment for that of Defendants absent a showing of bad faith. Defendants Avila and Bennett reasonably perceived Plaintiff's combative and resistive acts as a threat. Defendants did not have time to temper the situation because of the suddenness of Plaintiff's actions. Thus, Defendants reasonably perceived Plaintiff's sudden assault of an officer and his resistive conduct as a threat and responded with reasonable force to prevent the situation from escalating.

Second, Defendants argue that Plaintiff's injury was minor and temporary to show that the force Avila and Bennett used to control him was not excessive. Under Hudson, the "extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary in a particular situation, 'or instead evinced such wantonness that it did occur.'" Hudson v. McMillian, 503 U.S. 1,7 (1992). Plaintiff's injury was minor and temporary. The MTA noted no apparent injuries on Howard immediately after the incident. Plaintiff complained of pain two weeks after the incident, and was diagnosed with a bruised rib and given only Tylenol. After April 25, 2003, Plaintiff did not complain of rib or any other injury from the incident. Thus, Plaintiff's minor and temporary injuries show that the force used on him by Defendants Avila and Bennett was not excessive.

Third, Defendants argue that none of the Defendants had a culpable state of mind that is required for an excessive force claim. The evidence shows that Defendants Avila and Bennett used reasonable force to control Plaintiff and did not maliciously and sadistically intend to cause Plaintiff harm. Defendants Avila, Bennett, and Jones did not intend to cause Plaintiff any harm. Thus, in the absence of an intention to cause Plaintiff harm, Defendants are entitled to summary judgment.

Finally, Defendants argue they are all entitled to qualified immunity because they violated no constitutional right and because their conduct was objectively reasonable. The Saucier v. Katz, 533 U.S. 194, 201 (2001) two-part analysis requires: (1) the facts show the officer's conduct violated a constitutional rights; and 2) to determine whether the right was clearly established. Defendants argue that they are entitled to qualified immunity under both prongs of the analysis. First, as discussed above, Defendants Avila and Bennett used reasonable force to control Plaintiff and none of the Defendants intended to cause Plaintiff harm. Second, even assuming Defendants violated a constitutional right, the right was not clearly established because Defendants Avila and Bennett used reasonable force to control Plaintiff and prevent the situation from escalating. Thus, Defendants are entitled to qualified immunity.

### E.     Summary of Plaintiff's Position

Plaintiff argues that Defendants violated his Eighth Amendment rights because 1) Defendant Avila initiated the physical attack without provocation; 2) Defendant Jones was aware of the verbal confrontation between Plaintiff and Defendants earlier and therefore he failed to protect Plaintiff.

Plaintiff contends that there was no need for Defendants Avila and Bennett to use physical force against him. He "offered no physical or verbal resistance, nor did he refuse any orders." Pl's Am. Opp. to Mot. Summ. J. at 26. Instead, he alleges that Defendant Avila initiated the physical attack, without any provocation. Id.

Further, Plaintiff argues that Defendant Jones failed to protect Plaintiff because he had knowledge that a "racial verbal confrontation transpired between [Plaintiff] and both of the defendants" and that Plaintiff faced "substantial risk of serious harm on the morning of 4.11.03."

Id. at 2, 31. Defendant Jones knew that Defendants Avila and Bennett had previous incidents with Plaintiff, and therefore failed to protect Plaintiff from harm. Accordingly, Plaintiff argues that material issues of facts exist to preclude summary judgment in this case.

**F.     Analysis**

This action is proceeding on the claims that Defendants subjected Plaintiff to excessive force in violation of the Eighth Amendment. Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane Cnty., 222 F.3d 570, 574 (9th Cir. 2000). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). In order to be held liable, each defendant must have personally participated in the deprivation of the plaintiff's rights. Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The issue in this motion for summary judgment is whether any material issues of fact exist as to whether Defendants violated Plaintiff's Eighth Amendment rights.

1.     Defendants Bennett & Avila

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. Hudson, 503 U.S. at 7.

A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). However,

"[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." Gaddy, 130 S. Ct. at 1179 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; accord Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. Hudson, 503 U.S. at 7; Wilkins, 130 S. Ct. at 1178-79. The Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition de minimus uses of physical force. Hudson, 503 U.S. at 9-10.

Material issues of fact clearly exist as to whether Defendants Bennett and Avila used excessive force on Plaintiff in violation of the Eighth Amendment. Defendants argue they are entitled to summary judgment on the basis that they used only the amount of force necessary and reasonable to maintain control of Plaintiff. Defs' Mem. of P.&A. in Supp. of Mot. Summ. J. at 4, ECF No. 79. Defendants claim "it is undisputed that [Plaintiff] kicked Officer Granillo and then became resistive," which then caused Defendants to use force against Plaintiff. Id. However, in contrast, Plaintiff claims that Defendant Avila initiated the physical altercation and that Plaintiff did not resist and "held his discipline." Pl's Verified Am. Compl. at 7-8, ECF No. 22. Plaintiff further alleges that Defendants Avila and Bennett falsely reported that they saw Plaintiff reach for a pen in order to assault them. Id. at 9. Thus, the parties clearly dispute who initiated the physical attack, and a material issue of fact exists as to whether Defendants Avila and Bennett violated Plaintiff's Eighth Amendment rights.

        2.     Defendant Jones

Plaintiff alleges that Defendant Jones violated Plaintiff's Eighth Amendment rights by allowing Bennett and Avila to escort Plaintiff unsupervised. Although Plaintiff does not allege that Jones personally participated in the attack itself, Plaintiff claims Jones is liable because he knew that the unsupervised escort posed an excessive risk to Plaintiff's safety.

Prison officials are required "to take reasonable steps to protect inmates from physical

abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)).

Defendants allege that Defendant Jones "was not aware of any verbal confrontation between [Plaintiff and Defendants] Avila and Bennett on April 11, 2003, or at any other time. Def's Mem. of P.&A. in Supp. of Mot. Summ. J. at 2, ECF No. 79. However, in contrast, Plaintiff alleges that Defendant Jones authorized the cell move because of the "racial social conflict transpiring" between the Plaintiff and Defendants Bennett and Avila. Pl's Verified Am. Compl. at 5-6. Further, Plaintiff alleges that he said to Defendant Jones, "I hope this is not a set up move," and Jones replied that it was not. Id. at 6. Thus, it is clearly disputed whether Defendant Jones was aware of the tension between Plaintiff and Defendants Avila and Bennent, and therefore a material issue of fact exists as to whether Defendant Jones violated Plaintiff's Eighth Amendment rights.

## IV.

## CONCLUSION AND RECOMMENDATION

In conclusion, the Court finds that material factual disputes exist between the parties regarding whether Defendants violated Plaintiff's Eighth Amendment rights.

Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment, filed on March 16, 2012, be DENIED in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty**

**(30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 15, 2013**

UNITED STATES MAGISTRATE JUDGE