UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE. HOWARD,<br><br>         Plaintiff,<br><br>     v.<br><br>GRADTILLO, et al.,<br><br>         Defendants. | Case No.: 1:05-cv-00906-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LACK OF JURISDICTION<br><br>[ECF No. 127] |

On June 24, 2013, the parties notified that the Court that they had settled this case in its entirety.  On June 25, 2013, by stipulation of the parties the instant action filed pursuant to 42 U.S.C. § 1983 was dismissed, with prejudice, pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  (ECF No. 117.)

On March 10, 2014, Plaintiff filed a motion requesting enforcement of the settlement agreement.  Defendants filed a response on May 9, 2014.  On May 22, 2014, the Court denied Plaintiff's motion requesting enforcement of the settlement agreement because he had not completed the specific terms of the agreement by obtaining and providing his social security number for receipt of payment.

On June 2, 2014, Plaintiff filed a subsequent motion for enforcement of the settlement agreement.

///

1

On June 6, 2014, Plaintiff filed a notice of appeal challenging the Court's May 22, 2014, order denying his request for enforcement the settlement agreement.

Defendants filed an opposition to Plaintiff's June 2, 2014, motion for enforcement of the settlement agreement on June 19, 2014.

The Court finds it lacks jurisdiction to grant Plaintiff relief. "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted). The rationale for this general rule is that it avoids "the confusion and waste of time that might flow from putting the same issues before two courts at the same time." Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 740 (9th Cir. 1988). A district court lacks jurisdiction to entertain a Rule 60(b) motion filed after a notice of appeal. Rule 4 of the Federal Rules of Appellate Procedure states that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part6, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Here, Plaintiff's motion is not a motion listed in Rule 4(a)(4)(A), but rather a second motion raising in essence the same arguments or additional arguments as to why the Court should order enforcement of the settlement agreement.[1] In addition, Plaintiff's notice of appeal filed on June 6, 2014, specifically challenges the Court's May 22, 2014, order denying his first request for enforcement of the settlement agreement. Accordingly, this Court lacks jurisdiction to grant Plaintiff relief by way of the motion filed on June 2, 2014, and is DENIED on that basis.

IT IS SO ORDERED.

Dated: **July 3, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[1] This finding is supported by the fact that Plaintiff's June 2, 2014, filing is self-dated May 25, 2014, just three days after the Court issued its May 22, 2014, order addressing his first motion. Given the time for mailing, it cannot realistically be a challenge to such order. (ECF No. 123.)